UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Criminal No. 17-CR-20543-01

vs.                                              HON. BERNARD A. FRIEDMAN

MICHAEL JEROME PETTWAY,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant has filed a motion in this matter for compassionate release pursuant to 18 U.S.C. § 3582 [docket entry 48]. Defendant states that he fears he is at risk of being infected by the coronavirus because he has "shortness of breath often, excess gain of weight and severe headaches daily." Def.'s Mot. at 1. Plaintiff has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

The Court must deny the motion because defendant has not shown that he has complied with the statute's exhaustion requirement, which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that— (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has held that this exhaustion requirement is

mandatory, and that if a defendant files a motion seeking relief under this section without first complying with § 3582(c)(1)(A), the district court must deny the motion without prejudice. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Defendant asserts that he "has exhausted his required administrative remedy," Def.'s Mot. at 1, but he does not provide any supporting documentation. In its response to this motion, the government notes the lack of any such documentation and, as indicated above, defendant has not filed a reply. A defendant who seeks compassionate release "bears the burden to show he has exhausted his administrative remedies," *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020), and defendant has not met this burden in this case. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied without prejudice.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: September 14, 2020          Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2020.

Michael Jerome Pettway, Pris. No. 55989-039          s/Johnetta M. Curry-Williams
Milan Federal Correctional Institution,              Case Manager
Inmate Mail/Parcels,
P.O. Box 10000,
MILAN, MI 48160

2