UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                                  Criminal No. 17-CR-20543

vs.                                                                        HON. BERNARD A. FRIEDMAN

MICHAEL JEROME PETTWAY,

    Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 54]. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, a detainee at FCI Milan in Milan, Michigan, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because he suffers from asthma and obesity, with a BMI of 37.

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce

Def.'s Mot. at 7-9. Due to these health conditions, defendant fears for his health if he were to contract the coronavirus. *Id*. Defendant also points to allegedly inadequate protective measures at FCI Milan. *Id*. at 11-12. The government opposes the motion on the grounds that, due to petitioner's criminal history and time served to date, he does not fall within the narrow category of individuals eligible for compassionate release under § 3582(c)(1)(A), nor would his release be advisable under the factors in 18 U.S.C. § 3553(a). Pl.'s Resp. at 18, 20, 22.

> This Court has summarized the legal standards applicable to this motion as follows:
>
> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the

---

the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

2

>> defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at \*1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at \*1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, the Court is aware that petitioner's underlying health conditions – asthma and obesity – increase his risk of severe illness from COVID-19, according to the Centers for Disease Control and Prevention. *See* https://www.cdc.gov/coronavirus/ (last visited Nov. 19, 2020). However, defendant has not shown that his risk of exposure at FCI Milan is unacceptably high. The Bureau of Prisons ("BOP") currently reports that only one inmate at FCI Milan is infected. *See* https://www.bop.gov/coronavirus (last visited Nov. 19, 2020). In its response brief, the government notes that the BOP has taken significant steps to minimize the spread of the virus at all BOP facilities and that, since the start of the pandemic, it has reduced the prison population by granting home confinement to at least 7,822 inmates nationwide – a number that continues to increase. *See* https://www.bop.gov/coronavirus/faq.jsp (last visited Nov. 19, 2020). The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020).

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at \*4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at \*2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, ... whether Defendant will contract COVID-19, and whether he will develop serious complications

3

does not justify the extreme remedy of compassionate release.").

Additionally, defendant's extensive criminal history, and the seriousness of the offenses for which he was sentenced in this case, demonstrate that he would be a danger to the community if released. Section 3582(c)(1)(A) specifically limits compassionate release to defendants who are "not a danger to any other person or the community." USSG § 1B1.13(2). "An evaluation of dangerousness in this context requires a comprehensive view of community safety – a broader construction than the mere danger of physical violence." *United States v. Smith*, No. 14-cr-20814, 2020 WL 5071176, at *2 (E.D. Mich. Aug. 26, 2020) (internal quotations and citations omitted). The Court sentenced defendant on November 7, 2018, to a 120-month prison term, pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to the following six counts: four counts of possession of controlled substance with intent to distribute in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of a controlled substance distribution offense in violation of 18 U.S.C. § 924(c); and one count of possession of firearm and ammunition by convicted felon in violation of 18 U.S.C. § 922(g)(1).[2]

---

[2] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

> On or about June 29, 2017, the FBI assisted the Westland Police Department in connection with the search of a house at 7765 Rosemont in the city of Detroit. Information obtained by the Westland Police revealed that illegal narcotics including cocaine and heroin were being sold from the house.
> Upon approaching the house, defendant Jerome Pettway was located on the front porch. He was taken into custody and his house was searched. Taken from Mr. Pettway personally was $354.00, 2 cellular telephones and a plastic bag containing crack cocaine and heroin. The search of the house resulted in the recovery of a box of Suboxone strips, crack cocaine, powder cocaine, and the following firearms: 1 Bushmaster AR-15 semi-automatic rifle, serial number ARG600471 that was previously

This Court has previously held that a defendant, though not charged with a violent offense, may still be deemed a danger to the community based on drug trafficking and gun possession charges. *See United States v. Knight*, No. 15-cr-20283, 2020 WL 2055987, at *3 (E.D. Mich. June 9, 2020).

Finally, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, __ F.3d__, 2020 WL 6268582, at *12 (6th Cir. Oct. 21, 2020). In the present case, even assuming plaintiff has shown that the pandemic and his medical conditions constitute extraordinary and compelling circumstances under § 3582(c)(1)(A)(i), the Court finds that compassionate release would be inappropriate. Defendant was sentenced in November 2018, and therefore has served just two years of his ten-year sentence. The Sixth Circuit has noted that the amount of time served, relative to a defendant's sentence, is something the Court may consider in deciding a motion for compassionate release, as it relates to the § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. *See United States v. Kincaid*, 805 F. App'x 394, 395

---

stolen from the true owner; [1] Winchester .12 gauge shotgun with a barrel length of less than 18 inches, bearing serial number L849012; and 1 Browning semi-automatic handgun, serial number 725654. Law enforcement also recovered related ammunition, gun magazines, an additional $3247.50 and digital scales. Mr. Pettway possessed the controlled substances with intent to sell or deliver them to other people. Additionally, Mr. Pettway possessed the firearms to protect himself, the house on Rosemont and the drugs and money generated from drug sales.

At the time of the search, Pettway had previously been convicted of a felony offense. The crack cocaine that was seized weighed in excess of 28 grams and the firearms in Mr. Pettway's possession had been manufactured outside of the state of Michigan.

(6th Cir. 2020). In the present case, the Court finds that releasing defendant after he has served only twenty percent of his sentence would undermine each of these important sentencing objectives. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

                                                    s/Bernard A. Friedman
                                                    Bernard A. Friedman
Dated: November 23, 2020           Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 23, 2020.

Michael Jerome Pettway #55989-039        s/Johnetta M. Curry-Williams
Milan Federal Correctional Institution         Case Manager
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160