UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                              Criminal No. 17-CR-20543

vs.                                    HON. BERNARD A. FRIEDMAN

MICHAEL JEROME PETTWAY,

     Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED
## MOTION FOR COMPASSIONATE RELEASE

       This matter is presently before the Court on defendant's "renewed emergency motion

for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i)" [docket entry 71]. For the

following reasons, the Court shall deny the motion.

       On November 7, 2018, the Court sentenced defendant to a 120-month prison term,

pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to the following six counts: four

counts of possession of controlled substance with intent to distribute in violation of 21 U.S.C. § 841;

one count of possession of a firearm in furtherance of a controlled substance distribution offense in

violation of 18 U.S.C. § 924(c); and one count of possession of firearm and ammunition by convicted

felon in violation of 18 U.S.C. § 922(g)(1).[1] Defendant is presently incarcerated at FCI Milan in

---

[1] The factual basis for defendant's guilty plea is set forth in the plea agreement at
paragraph 1C as follows:

       On or about June 29, 2017, the FBI assisted the Westland
Police Department in connection with the search of a house at 7765
Rosemont in the city of Detroit. Information obtained by the
Westland Police revealed that illegal narcotics including cocaine
and heroin were being sold from the house.

Milan, Michigan.

Defendant filed a prior motion for compassionate release on September 23, 2020, *see* docket entry 54, which the government opposed. *See* docket entry 64. In the prior motion, defendant sought release because he suffers from asthma and obesity, and therefore fears for his health if he were to contract COVID-19. *See* docket entry 54 at 7-9. The Court denied defendant's motion on November 23, 2020, concluding that based on defendant's health, BOP COVID-19-related safety measures, the seriousness of the charges to which defendant pled, and the § 3553(a) factors, the circumstances did not warrant compassionate release. *See* docket entry 68 at 3-6. In the instant motion, defendant provides no additional factual or legal basis for his requested relief. The Court therefore interprets the instant motion to be a motion for reconsideration.

---

Upon approaching the house, defendant Jerome Pettway was located on the front porch. He was taken into custody and his house was searched. Taken from Mr. Pettway personally was $354.00, 2 cellular telephones and a plastic bag containing crack cocaine and heroin. The search of the house resulted in the recovery of a box of Suboxone strips, crack cocaine, powder cocaine, and the following firearms: 1 Bushmaster AR-15 semi-automatic rifle, serial number ARG600471 that was previously stolen from the true owner; [1] Winchester .12 gauge shotgun with a barrel length of less than 18 inches, bearing serial number L849012; and 1 Browning semi-automatic handgun, serial number 725654. Law enforcement also recovered related ammunition, gun magazines, an additional $3247.50 and digital scales. Mr. Pettway possessed the controlled substances with intent to sell or deliver them to other people. Additionally, Mr. Pettway possessed the firearms to protect himself, the house on Rosemont and the drugs and money generated from drug sales.

At the time of the search, Pettway had previously been convicted of a felony offense. The crack cocaine that was seized weighed in excess of 28 grams and the firearms in Mr. Pettway's possession had been manufactured outside of the state of Michigan.

Local Rule 7.1(h)(3) of the Eastern District of Michigan provides that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (internal quotation marks omitted). In the instant motion, defendant raises the same claims that this Court has already rejected. In the order denying defendant's prior motion for compassionate release, the Court concluded that

> even assuming [defendant] has shown that the pandemic and his medical conditions constitute extraordinary and compelling circumstances under § 3582(c)(1)(A)(i), the Court finds that compassionate release would be inappropriate. Defendant was sentenced in November 2018, and therefore has served just two years of his ten-year sentence. The Sixth Circuit has noted that the amount of time served, relative to a defendant's sentence, is something the Court may consider in deciding a motion for compassionate release, as it relates to the § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020). In the present case, the Court finds that releasing defendant after he has served only twenty percent of his sentence would undermine each of these important sentencing objectives.

*See* docket entry 68 at 5-6. Defendant has failed to show that the Court erred in reaching this conclusion.

Moreover, E.D. Mich. LR 7.1(h)(1) states that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." Defendant filed

the instant motion on May 17, 2021, 175 days after entry of the order that he now asks the Court to reconsider. Consequently, the request both fails substantively and procedurally.

IT IS ORDERED that defendant's renewed motion for compassionate release is denied.

s/Bernard A. Friedman
Dated: May 28, 2021                    BERNARD A. FRIEDMAN
       Detroit, Michigan              SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2021.

Michael Jerome Pettway #55989-039      s/Johnetta M. Curry-Williams
Morgantown FCI                         Case Manager
Inmate Mail/parcels
P.o. Box 1000
Morgantown, WV 26507